IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY BENJAMIN MORRIS, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:12-CV-00837-RDP |
| } | |
| **THE AUTOMOBILE INSURANCE** } | |
| **COMPANY OF HARTFORD,** } | |
| **CONNECTICUT** *d/b/a Travelers*, **et al.,** } | |
| } | |
| **Defendants.** } | |

### MEMORANDUM OPINION ON PENDING MOTIONS TO DISMISS

This matter is before the court on Defendant Lance R. Findlay's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. # 12), filed April 16, 2012, which has been fully briefed (Docs. # 17, 21). For the reasons discussed below and at the June 25, 2012 conference, Findlay's Motion is due to be granted. Additionally, for the reasons discussed below, Defendant the Automobile Insurance Company of Hartford Connecticut ("AICH")'s Motion to Dismiss Counts 3 and 4 of Plaintiffs' First Amended Complaint (Doc. # 11), filed April 16, 2012 is due to be granted in part and denied in part.

### I.   BACKGROUND

This case was removed to this court on March 15, 2012, and Plaintiffs filed a Motion to Remand on April 13, 2012. On July 11, 2012, the court denied Plaintiffs' Motion to Remand after finding that Findlay was fraudulently joined in this case. (Doc. # 28). The court did not dismiss Findlay from the case, however, because Plaintiffs' First Amended Complaint (Doc. # 6), which was filed after removal on April 2, 2012, asserts claims against Findlay. Although Plaintiffs did not specify the jurisdictional basis for the claims against Findlay, the parties have agreed that the

purported basis for jurisdiction is supplemental under 28 U.S.C. § 1367(a).  Plaintiffs' Amended Complaint asserts three claims against Findlay: bad faith breach of contract (Count 2); fraud (Count 3); and conspiracy (Count 4).  These three claims, as well as a breach of contract claim in Count 1, are also asserted against AICH.  Findlay has moved to dismiss all three claims alleged against him, and AICH has moved to dismiss only the fraud and conspiracy claim (Counts 3 and 4) alleged against it.  Both motions have been filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Before turning to the pending motions to dismiss, the court must address the fictitious parties A-R named as defendants in Plaintiffs' Amended Complaint.  "[T]he Federal Rules do not authorize suit against fictitious parties."  *CSX Transp., Inc. v. United Transp. Union*, 236 F. App'x 562, 563 n.1 (11th Cir. 2007) (citing *New v. Sports and Recreation, Inc.*, 114 F. 3d 1092, 1094 n.1 (11th Cir. 1997)).  There is a limited exception to the ban on fictitious-party pleading in federal court "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'"  *Richardson v. Johnson*, 598 F. 3d 734, 738 (11th Cir. 2010).  The Eleventh Circuit held in *Richardson* that identifying a defendant as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" did not implicate the exception, because this description was "insufficient to identify the defendant among the many guards employed at [Defendant]." *Id*.  Dismissal of claims against such inadequately identified fictitious parties is proper.  *Id*.  After carefully reviewing Plaintiff's Amended Complaint, the court concludes that Plaintiffs' references to the fictitious parties in the Amended Complaint are too vague to fit within the exception.  *See id*.  Thus, the fictitious defendants A-R are due to be stricken from the Amended Complaint.  *See id*.

## II.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court is not required to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S.

Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

In federal court, state claims for fraud must comply with the heightened pleading requirements in Federal Rule of Civil Procedure 9(b). *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Rule 9(b) requires a party alleging claims for fraud or mistake to "state with particularity the circumstances constituting fraud or mistake . . . ." Fed. R. Civ. P. 9(b). A plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citations omitted). Further, "the plaintiff must allege facts with respect to each defendant's participation in the fraud." *Id.*; *see Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1381 (11th Cir. 1997) (a plaintiff cannot simply lump all of the defendants together in his allegations of fraud).

### III.   DISCUSSION

####   A.   BAD FAITH CLAIM

Findlay argues that Plaintiffs' bad faith claim (Doc. # 6 ¶¶ 25-32) should be dismissed against him because, under Alabama law, one element of a bad faith claim is a breach of a contract, and there is no allegation that Findlay was party to the insurance contract on which Plaintiffs' claims are based. Plaintiffs have not responded to Findlay's argument for dismissal on the bad faith claim. Indeed, Plaintiffs have not addressed their bad faith claim at all in their Response.[1]

It is axiomatic that "the existence of an insurance contract between the parties" is necessary to establish the two forms of bad faith claims under Alabama law. *See Pyun v. Paul Revere Life Ins. Co.*, 768 F. Supp. 2d 1157, 1178 (N.D. Ala. 2011).

A review of the Amended Complaint indicates that Plaintiffs have alleged that only AICH and Plaintiffs were parties to the contract. Plaintiffs specifically alleged that they bought their insurance policy from AICH (Doc. # 6 ¶ 11), and have not asserted their breach of contract claim against Findlay. Plaintiffs' references to Findlay involve acts that occurred after the insurance contract was executed. (Doc. # 6 ¶ 16). As a whole, the crux of Plaintiffs' factual allegations against Findlay are that he, as an employee or agent of AICH, denied Plaintiffs' insurance claim under the

---

[1] "Courts in the Eleventh Circuit have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion." *Northern Assurance Co. of Am. v. Bayside Marine Constr., Inc.*, 2009 WL 151023, at *3 (S.D. Ala. Jan. 21, 2009) (citing *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F. 3d 1301, 1326 (11th Cir. 2000) (the failure to brief and argue an issue before the district court is grounds for declaring it abandoned)); *see Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (dismissing plaintiff's claims for plaintiff's failure to respond to the claims in the motion to dismiss). Although abandonment may be sufficient grounds for dismissing that claim, the better practice is to nevertheless address the arguments for dismissal on the merits, despite the party's failure to respond. *Northern Assurance Co. of Am.*, 2009 WL 151023, at *3. Therefore, the court turns to the merits of Findlay's argument for dismissal. In doing so, it is plain to the court that to the extent this claim has been abandoned, it is with good reason — there is not a basis for a bad faith claim against Findlay.

policy. Additionally, the "Homeowner's Policy" that AICH submitted (along with the briefing on Defendants' Motion to strike an affidavit submitted by Plaintiff) bears the names of Plaintiffs and AICH; Findlay is not listed at all. (Doc. # 22-1).[2] Accordingly, the court concludes that Plaintiffs have failed to plead sufficient factual content for the court to infer that Findlay is liable for the bad faith breach of the insurance contract. *See Iqbal*, 129 S. Ct. at 1949. For this reason (which is separate and independent from Plaintiffs' failure to address their bad faith claim) the court concludes that Plaintiffs' bad faith claim against Findlay is due to be dismissed without prejudice.

**B. FRAUD**

The court has already addressed the now familiar standard of review for analyzing whether a fraud claim complies with the heightened pleading requirements of Rule 9(b). The elements of a fraudulent misrepresentation claim under Alabama law are "(1) a false representation, (2) concerning a material existing fact, (3) [reasonably] relied upon by the plaintiff (4) who was damaged as a proximate result." *Moore v. Prudential Residential Servs. Ltd. P'ship*, 849 So. 2d 914, 923 (Ala. 2002) (citations omitted).

Plaintiffs have named Findlay in their fraud claim twice, stating that he "knew that the representations were false and untrue" and "never intended on honoring [the insurance policy] coverage . . . and sought to deceive the Plaintiffs." (Doc. # 6 ¶¶ 36, 37). The only misrepresentation referenced in Plaintiffs' fraud claim was allegedly made "by both the policy language itself and the [AICH] sales agent, Ann Blake Plummer . . . ." (*Id*. ¶ 34). Plaintiffs have not identified a misrepresentation made by Findlay in the Amended Complaint. Findlay argues that Plaintiffs' fraud

---

[2] The court was confused as to why Findlay did not rely on the insurance policy contract for his argument that he was not party to the contract. Nonetheless, the contract submitted by AICH does not reflect that Findlay was part of the contract.

claim against him should be dismissed because Plaintiffs failed to allege a misrepresentation made by him and, in any event, Plaintiffs cannot show reasonable reliance.

Plaintiffs point to two alleged misrepresentations identified in their Amended Complaint that they contend satisfy the pleading requirement for fraud against Findlay. First, they highlight certain language in the insurance policy, "Limited Fungi, Other Microbes or Rot Remediation," and allege that it was misrepresented to them that this provision would cover mold and mildew damage. However, the fraud claim only asserts that "the policy language itself and the Travelers sales agent, Ann Blake Plummer," caused Plaintiffs to believe that the policy would cover mold or mildew; there is no allegation that Findlay himself made such a misrepresentation. Further, Plaintiffs argue that their allegations that Findlay knew or should have known that the representations were false satisfy the pleading requirements. However, an assertion that Findlay knew that misrepresentations were made by others is by no means an assertion that Findlay made the misrepresentations himself. Indeed, Plaintiffs have not alleged that Findlay made any sort of misrepresentation to them. It follows that Plaintiffs similarly have not satisfied the heightened pleading requirements of alleging the time or place of the misrepresentation, the content and manner in which these statements were made, nor what Findlay gained by the alleged fraud.[3]

The court concludes that Plaintiffs have not satisfied the particularity requirements in Rule 9(b) for their fraud claim against Findlay, and their failure to allege with specificity the elements of their fraud claim is fatal. The policy underlying Rule 9(b) serves to protect defendants such as Findlay from having to defend against claims such as this. Accordingly, Plaintiffs' fraud claim

---

[3] Moreover, Plaintiffs cannot rely on misrepresentations made by other AICH employees because factual allegations with respect to each Defendant's participation in the fraud is required under Rule 9(b). *See Am. Dental Ass'n*, 605 F.3d at 1291; *Brooks*, 116 F. 3d at 1381.

against Findlay is subject to dismissal without prejudice for failure to meet the particularity requirements of Rule 9(b).

Turning next to Plaintiffs' fraud claim against AICH, AICH argues that Plaintiffs' claim is due to be dismissed because Plaintiffs cannot prove that they reasonably relied on any alleged misrepresentations. AICH cites *AmerUS Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1208 (Ala. 2008), for the proposition that "a plaintiff who is capable of reading documents, but who does not read them or investigate facts that should provoke inquiry, has not reasonably relied upon a defendant's oral representations that contradict the written terms in the documents." (Doc. # 11 at p. 2). However, the determination of whether this proposition applies to bar a fraud claim is appropriate only after the facts have been fully developed. *See, e.g., id.* (applying this principle on a motion for a judgment as a matter of law). At this juncture, the court is charged with determining whether Plaintiffs' fraud claim against AICH satisfies the applicable pleading requirements. The court concludes that Plaintiffs have sufficiently alleged the "reasonable reliance" element of fraud, and as a whole have satisfied the pleading requirements for their fraud claim against AICH.

AICH further argues that Plaintiffs' fraud claim is a veiled breach of contract claim and thus cannot be maintained under Alabama law. AICH cites the concurrence in *Hunt Petroleum Corporation v. State of Alabama* for the proposition that misrepresentations based on a party's alleged breach of a contract do not give rise to an independent cause of action in tort. 901 So. 2d 1, 11 (Houston, J., concurring). Further, AICH relies on *Pearson's Pharmacy Inc. v. Express Scripts, Inc.*, where the Middle District of Alabama construed Alabama law and determined that to plead a fraud claim based on the breach of a policy provision in a contract under Alabama law, the plaintiff

must allege a written or oral misrepresentation extraneous to the face of the contract. 505 F. Supp. 2d 1272, 1277 (M.D. Ala. 2007).

First, the court notes that neither Justice Houston's concurrence nor the *Pearson's Pharmacy* decision are binding on this court. The Middle District of Alabama in *Pearson's Pharmacy* seems to have adopted Justice Houston's concurrence in *Hunt Petroleum*. While this court declines to follow that lead, absent clear direction from the Supreme Court of Alabama, there is an alternative basis for rejecting Defendant's arguments here. Even if the analysis in *Pearson's Pharmacy* were binding on this court or persuasive, the facts here are readily distinguishable from the facts in that case. Here, unlike the plaintiff in *Pearson's Pharmacy*, Plaintiffs have alleged a misrepresentation on behalf of a sales agent of AICH that was extraneous to the face of the contract, so the holding in *Pearson's Pharmacy* has no bearing on the misrepresentation claim here. For all these reasons, the court concludes that Plaintiffs' fraud claim against AICH satisfies the pleading requirements and is not due to be dismissed.

C.     **CONSPIRACY**[4]

Plaintiffs allege that Findlay, other employees and/or agents of AICH, and fictitious parties D-I and M-R conspired to defraud Plaintiffs. As discussed above, the court has dismissed the fictitious parties from this case, thus rendering Plaintiffs' conspiracy claim alleged against only Findlay and AICH. Plaintiffs argue that a conspiracy can exist between employees of the same company, and because they alleged that "Findlay conspired with other Travelers employees and/or

---

[4] As stated in the court's order denying Plaintiffs' Motion to Remand (Doc. # 28), a corporation cannot conspire with one of its employees. *See Williams v. Marcum*, 519 So. 2d 473, 475 (Ala. 1987) (a conspiracy does not exist "where the only parties to the alleged conspiracy are the corporation and one of its agents and the corporation's liability is predicated upon the theory of respondeat superior through the acts of the agent with whom it allegedly conspired") (citations omitted). To the extent Plaintiffs' conspiracy claim in their First Amended Complaint asserts a conspiracy claim against AICH for conspiring with its employees, the claim is due to be dismissed.

agents . . . to defraud the Plaintiffs," they have sufficiently alleged a conspiracy claim against Findlay and employees of AICH. Plaintiffs have not identified the employees who they contend conspired with Findlay, but they seek to hold AICH liable for the conduct of these employees.

Under Alabama law, a conspiracy requires a combination of two or more persons, and the "acts of agents and employees acting within the line and scope of their employment are considered the acts of the corporation itself." *Phillips v. Amoco Oil Co.*, 614 F. Supp. 694, 703 n.10 (N.D. Ala. 1985), *aff'd* 799 F. 2d 1464 (11th Cir. 1989). Thus, a conspiracy claim against agents and/or employees of the same corporation acting within the scope of their employment is legally precluded. *See id*. There is no question here that Plaintiffs' conspiracy claim against Findlay and unnamed employees of AICH was asserted against the employees for acting within the scope of their employment, because Plaintiffs seek redress from the collection of premiums and denial of their insurance claims on behalf of AICH. Therefore, Plaintiffs' conspiracy claim against Findlay and AICH for its employees' conduct is not valid under Alabama law and is thus due to be dismissed.

Moreover, "[a] conspiracy cannot exist in the absence of an underlying tort." *Avis Rent A Car Sys., Inc. v. Heilman*, 876 So. 2d 1111, 1124 (Ala. 2003) (citations omitted). "[L]iability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy." *Id*. (citations omitted). Plaintiffs' conspiracy claim, labeled "Conspiracy to Defraud," is undoubtedly associated with their fraud claim. Because the fraud claim against Findlay fails, it follows that Plaintiffs' claim that Findlay conspired to commit fraud fails. Without Findlay, Plaintiffs' conspiracy claim is due to be dismissed because Plaintiffs allege that Findlay conspired with other employees of AICH, not that the employees of AICH conspired amongst themselves. Even if the court were to interpret Plaintiffs' conspiracy claim

as alleging a conspiracy amongst AICH employees in the absence of Findlay, Plaintiffs have not identified these employees, and consequently have failed to allege a fraud claim against these particular employees with the particularity required by Rule 9(b). *See supra* Part III.B. Therefore, Plaintiffs' conspiracy claim against Findlay and AICH is also due to be dismissed because of the absence of an underlying tort.

## IV. CONCLUSION

For the reasons stated above, Defendant Lance R. Findlay's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. # 12) is due to be granted. AICH's Motion to Dismiss Counts 3 and 4 of Plaintiffs' First Amended Complaint (Doc. # 11) is due to be granted in part and denied in part. All of Plaintiffs' claims against Findlay, as well as Plaintiffs' conspiracy claim against AICH, are due to be dismissed without prejudice. Plaintiffs' fraud claim against AICH will remain pending, and AICH will remain as the only Defendant in this case. Additionally, the court will strike the fictitious-party defendants from this case. A separate order will be entered.

**DONE** and **ORDERED** this ____17th____ day of August, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE